Statement.
MONROE, J.
This is an action in damages for the alleged breach of the following agreement in writing, duly signed by the parties thereto, to wit:
“Julian E. Whitworth and H. Kaplan do hereby contract and agree as follows: The said Whitworth agrees and binds himself to make the said Kaplan a bond for title for the lands described as the W. % of Sec. 35, T. 22, R. 15 ; the E. Y¡ °f Sec. 34, same township and range, less that portion sold by said Whitworth to J. B. Newby, containing 86.73 acres, as shown by deed duly recorded; and also N. É. % of N. E. Yi, Sec. 3, T. 21, R. 15—all situated in Caddo parish, La., as soon as the title to said lands can be examined by Wise, Randolph & Rendall, Attys. Said bond for title to recite the payment of $500 cash, and the further consideration of the payment of one note, due January 1st, 1905, for $2,000; one, for $1,500, due January 1st, 1906; one, for $1,500, due January 1st, 1907; and one, for $2,000, due January 1st, 1908—-making a total consideration of the sale of said land of $7,500 and interest. Said bond for title to cover the assignment or trans *340 fer of certain, lease or rent notes given said Whitworth by J. J. Robertson, as per lease of said property duly recorded. In testimony, witness our hands this. May 17th, 1904.”
The petition alleges that the bond referred to in this instrument was to guaranty the making by defendant to plaintiff of a sale of the property mentioned at the price and upon the terms stated; that, relying upon said agreement, and in the execution thereof, plaintiff employed attorneys to examine the title, and, the examination having been made, notified defendant that he wished the bond to be executed, and that defendant assented thereto; that plaintiff thereupon entered into contracts for the clearing and leasing of the land in question, and, in order to meet his obligations to defendant, mortgaged his property and borrowed money at interest; that plaintiff was at all times willing to carry out said contract between himself and defendant; that defendant constantly expressed a like willingness; and that the execution of said contract was by mutual consent postponed a short time, in order that a small portion of the land which had never been transferred by the state to the Caddo levee district might be so transferred. The petition further alleges that, notwithstanding said agreement and promises, the defendant sold the land in question to Louis Liebman and Abe Meyer and thereby rendered it impossible for him to fulfill his obligation to plaintiff; that the sale so made by the defendant was an active breach of his contract with plaintiff, and was made in bad faith and with full knowledge of the purpose for which plaintiff had agreed to buy the land, and of the fact that he was ready to take it as agreed on and had entered into contracts for.the clearing and leasing thereof. The petition further alleges that by reason of the defendant’s said “fraudulent” breach of contract the plaintiff has been damaged (1) in the loss of the difference between the contract price of the land and its value, say $3,500; (2) in the expense incurred for attorney’s fees for examination of the titles, $25; (3) in the loss of interest on money borrowed by him for the purposes of said contract, $100; (4) in loss sustained by reason of his inability to comply with his contracts for clearing and renting the land, $400. Wherefore he prays, etc.
Defendant filed an exception of no cause and no right of action; and, the exception of no cause of action having been sustained, the-plaintiff has appealed.
Opinion.
Taking the allegations of the petition to be-true, the defendant agreed in writing to execute an instrument in writing whereby, as we interpret the agreement, he was to acknowledge the payment to him by the plaintiff of $500 cash, and the delivery to him by the plaintiff of the latter’s promissory notes, payable at different times, “with interest,” and amounting, in principal, to $7,000, and in consideration of such payment and delivery was to agree to bind himself to convey to the-plaintiff a title to certain described lands, and was to deliver to the plaintiff certain promissory notes, which had already been given by a third person, for the rental of said lands; it being within the contemplation of the parties that upon the execution of said instrument the plaintiff should enter into the possession and enjoyment of the lands, with-all the rights of otvner save the naked title.. And, still taking the facts to be as alleged in the petition, the defendant, after making the-contract mentioned, in bad faith and with full knowledge that the plaintiff would thereby be-injured and made to suffer loss, sold the land to other parties, thus rendering the fulfillment by him of said agreement impossible.
The defendant, in support of his exception, avers that the instrument annexed to the petition fails to disclose a bilateral contract, in that it imposes no obligations on the plaintiff,. *342 and fails to disclose a unilateral contract or promise to sell, in that it contains only a promise to enter into an executory contract of sale, the terms of which are not definitely expressed.
The language of the instrument imposes no obligation upon plaintiff, but seems carefully to avoid doing so. The contract, if any there be, is therefore, not bilateral.
“A promise to sell amounts to a sale, when there exists a reciprocal consent of both parties as to the thing and the price thereof,” etc. Civ. Code, art. 2462. As applied to immovables, the promise must be vested with the formalities prescribed for sales. Civ. Code, arts. 2462, 2439, 2440.
This provision of the law is not always to be taken literally, but is to be construed in each ease with reference to the language used, considered in connection with the surrounding circumstances. Thus, where the promisee, knowing that possession could not be given for an indefinite period, accepted the promise in the following language, to wit: “I accept the foregoing sale, and am ready to comply on my part as soon as possession is given” —it was held that the promise did not amount to a sale, and that the promisee could not maintain a petitory action for the recovery of the property; Slidell, J., as the organ of the court, saying, inter alia:
‘‘The law would be censurable for a strange violation of the principles of reason and justice and for a short-sighted view of expediency if it deprived individuals of the right to make prospective agreements for a sale, or told them that if they make each other a reciprocal promise to buy or sell a thing a year hence, for example, they should be absolutely considered as having-made a present sale, with all the incidents of the shifting of the risk, revenues, accretion, etc., which pertain to a contract of sale.” Peck v. Bemiss, 10 La. Ann. 160.
In the case at bar'we are confronted, first, with the inquiry, does the instrument sued on contain a promise to sell? Clearly it does not, since by its terms the defendant merely agrees that he will make such a promise at a future time, and this agreement can be considered a promise to' sell only by holding that a promise to sell amounts to a sale, and that an agreement to do that which amounts to a sale amounts to a promise to sell. The law relied on, however, provides that a promise to sell, and not that which may be regarded as the equivalent of such a promise,, amounts to a sale, and the application of the law is confined by its terms to the particular case mentioned; there being no similar provision with reference to promises to enter into other contracts than those of sale. Beyond this, if the defendant had executed the bond called for by the agreement sued on, it cannot be said that the contract which it is assumed that the bond would have expressed would have amounted either to a sale or to a promise to sell, since it seems to be admitted that it could not at once have become operative as to a portion of the land, and the agreement provides that the defendant shall receive the plaintiff’s notes, ‘ vith interest,” in part payment of the price; but the rate of interest is not specified, and in the promise to sell, as in the contract of sale, the thing,, the price, and the consent are essentials. Civ. Code, arts. 2462, 2439, 2440. We therefore conclude that the agreement or convention expressed in the instrument annexed to-the plaintiff’s petition is neither a bilateral contract nor a unilateral contract susceptible of enforcement.
We are not, however, prepared to say that, because the convention, such as it is, does not fall wijhin the category of enforceable contracts, the petition discloses no cause of action. If the allegations of the plaintiff be true, he was led by the conduct and assurances of the defendant to believe that the latter would sell him certain land, and, acting on the belief so induced, he incurred expenses which he would not otherwise have incurred. Thereupon the defendant, in bad faith, repudiated his assurances and declined to fulfill the promises that he had made, and the expenses which the plaintiff had incurred: *344 by reason of his reliance thereon became losses. These actual losses, we think, he may be entitled to recover, provided, of ■course, the allegations of his petition are made good by proof. It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to be proceeded with according to law; the defendant to pay the costs of the appeal, and those of the district court to await the final judgment in this case.