MONROE, J.
In this suit as brought in the city court the plaintiff alleged that, through his agents, he had offered to rent to the defendant a certain house, and that the offer was accepted, as per Document A, annexed to and made part of his petition, which reads:
“New Orleans Aug. 25th, 1904.
“Denis, Danziger & Tessier. I hereby offer to rent the property, third house from State street, No.-Perrier St. between State, and Webster, streets, at a rental of forty and 00/ioo dollars per month, on a lease to commence Sept. 1st, 1904; and expire Sept. 30th, 1905. Rent notes payable monthly on the - day of each month; satisfactory security to be given, if required by the owner. If this offer is accepted, I bind myself to sign the leases and rent notes as soon as they are presented to me.
“rfiignpd] Josh Kantrowitz.
“1422 St. Charles Ave.
“I accept the above offer.
“[Signed] J. A. Woodville.”
Plaintiff further alleged that the defendant refused to comply with the contract thus entered into, and that in consequence thereof the house was vacant for a while and was then rented at a lower rate than that previously agreed on, involving a loss to him of $70, for which he prays' judgment, with a reservation of his rights against the defendant with respect to any rent that he might fail to recover from the person to whom he so rented. Subsequently, and in order to meet an exception filed by the defendant and the ruling thereon, plaintiff filed a supplemental petition, alleging that he was suing “ * * * not upon a written, verbal or any other kind of lease, for rent, but purely for damages * * * suffered as the result of the breach of an agreement * * * in writing.”
The defense was that the instrument sued on represents “a mere offer to rent, an inchoate thing, which he [defendant] had the right to withdraw at any time, prior to signing the lease,” and that he withdrew said offer, and signed no lease. There are also some other matters set up which need not be here considered; it being apparently conceded that the real issue is that presented by the defense stated. There was judgment for defendant in both the trial court and the Court of Appeal, and the plaintiff seeks to have the judgments reversed.
The learned counsel for the applicant, notwithstanding the specific allegation contained in the supplemental petition, that the plaintiff is “suing * * * not upon a written, verbal, or any other kind of lease,” base their entire argument upon the proposition that the alleged contract sued on was, and is, a contract of lease. Thus (quoting from their brief):
“We respectfully contend that the written offer made by the defendant and accepted by plaintiff in no manner, shape, or form depends upon the future execution of a lease to make it complete. On the contrary, all elements of a lease, or a contract, as defined in our Civ. Code, art. 2670, are found in the written offer, and the acceptance of the same. First of all, there is the thing, which* is the house described in the written offer as the third house on Perrier street, from State, $40 a month, and the consent. * * * We are suing for damages for breach of this complete and perfect agreement that parties only intended reducing to writing in order to have a more authentic mode of proof.”
As we understand the position of counsel, they mean to insist that the instrument annexed to their petition evidences a contract of lease, and that they are suing for damages for its nonexecution, and not on the contract, in the sense of demanding a specific *420 performance. If, however, there is no contract of lease, the plaintiff has no case; and we are of opinion that there is no contract of lease, for the reason that the parties agreed, not after they had reached a complete understanding, and merely that the understanding so reached might be more easily proved, but, as the substance of the thing agreed on, that they would enter into a written lease, some of the terms of which were mentioned, whilst others, as we take it, were not mentioned, since it cannot reasonably be contended that they expected the written lease to contain nothing but a designation of the house, the amount of the rental, and the time during which the house was to be occupied.
In Avendano v. Arthur & Co., 30 La. Ann. 321, this court, after considering some conflicting testimony as to the reasons why such an agreement such as is here presented was not carried into effect, said:
“However this may have been, the fact remains that the lease and the notes were not signed, and this fact brings the case within the rule, coeval with our jurisprudence and recognized by ns in Fredericks v. Fasnacht, decided on the 17th of December, 1877 [30 La. Ann. 117], that ‘where it has been agreed that the contract shall be reduced to writing, until it is actually written and signed by all parties, either may retract.’ Villere v. Brognier, 3 Mart. (O. S.) 349; Des Boulets v. Gravier, 1 Mart. (N. S.) 422; Wells v. Deil, 1 Mart. (N. S.) 592; Blocker v. Tillman; 4 La. 80.”
The true distinction is plainly laid down in Carlin v. Harding, 10 La. 225, where there is a complete verbal contract, and the parties afterwards agree that it shall be reduced to writing, the verbal contract is valid and obligatory, although the subsequent, independent agreement to reduce it to writing should not be carried into effect. In Des Boulets v. Gravier the principal question was, as stated by Judge Porter:
“Whether the vendee of a movable, where the contract is to be reduced to writing, can retract before the act is signed, and that, although he . should be in possession of the thing purchased.”
The court said:
“The authorities are express that, if the parties agree that the contract is to be reduced to writing, it is not complete until the writing is made and signed.”
This doctrine is affirmed in Meyer v. Labau, 51 La. Ann. 1727, 26 South. 463, and Laroussini v. Werlein, 52 La. Ann. 426, 27 South. 89, 78 Am. St. Rep. 350.
Whether, as in this case, the intention of the parties to reduce their contract to writing is itself expressed in writing, or is expressed verbally, is immaterial. The point is that something more is to be done before the contemplated contract is to be considered completed.
Finding no error in the judgment complained df, it must remain undisturbed. It is, therefore, ordered, adjudged, and decreed that the demand of the applicant herein be rejected and this proceeding dismissed, at his cost.