Judgment set aside, and suit dismissed at plaintiff's cost.

---

(81 South. 402)

No. 23260.

SIG HAAS & SON v. BERNHARDT et al.

(March 31, 1919.)

*(Syllabus by Editorial Staff.)*

1. LANDLORD AND TENANT ⊜5(1) — PAROL LEASE—INCOMPLETE CHARACTER—ENFORCEMENT.

Where verbal lease specifying date, monthly rental, and duration of term was made, and stipulations as to repairs and the placing of a new front in the leased store building were intended, but the parties never reached an agreement on them, there was no complete parol lease enforceable by the lessees.

2. CONTRACTS ⊜15—TREATMENT AS WHOLE—LACK OF AGREEMENT UPON PARTS.

Since a contract must be treated as a whole, where some parts of an alleged contract were not definitely agreed upon by the parties, the contract is not enforceable.

Appeal from Sixth Judicial District Court, Parish of Ouachita; B. C. Dawkins, Judge.

Suit by Mrs. P. R. Bernhardt and others against Sig Haas & Son. From judgment for plaintiffs, defendant appeals. Judgment annulled, avoided, and reversed, and judgment ordered for defendant dismissing the suit.

Sandel & Clarke, of Monroe, for appellant.
Stubbs, Theus, Grisham & Thompson and H. H. Russell, all of Monroe, for appellees.

SOMMERVILLE, J. Plaintiffs declare upon a verbal contract of lease for a certain piece of property now occupied by them in the city of Monroe, and belonging to defendant, at a stipulated rental therein of $250 per month, during seven years.

They allege and testify that they entered into the lease with defendant in March, 1918, to begin on February 1, 1919; that defendant agreed in said lease to make certain necessary repairs and improvements to the interior of the building and to the rear thereof (but they do not further set forth the nature and extent of those repairs and improvements); and that defendant was to install a modern front in the building, to cost not more than $3,000, to be constructed in accordance with plans and specifications furnished by petitioners.

Plaintiffs prayed that the verbal contract of lease be recognized; that they be sent into possession of the premises as lessees under the terms alleged; that defendant be ordered and condemned "to make the repairs and improvements upon, and to construct a front to said building in accordance with plans and specifications already provided and made by J. W. Smith, architect, of Monroe, La., at a cost not exceeding $3,000," etc.

Defendant answered denying the existence of the lease sued upon.

After a patient hearing, and an exhaustive analysis of the testimony, the district judge gave judgment for plaintiffs, recognizing the verbal lease declared upon, and ordered defendant to make and install a front in the

building according to plans and specifications furnished by the plaintiff at a cost not exceeding $3,000, and in default of so doing that plaintiffs proceed to make said improvements at the expense of defendant at a cost not to exceed said sum.

The demand of plaintiffs for interior repairs and improvements was not disposed of. And, in ordering the construction of the modern front to the building, the court did not indicate that the plans and specifications prepared by J. W. Smith, architect, or any other particular plans and specifications, should govern.

Defendant has appealed. Plaintiffs have not answered the appeal.

There were two witnesses on either side of the case, all of them equally worthy and credible. Two of them testified positively to the existence of the lease; and two of them, that it had no existence.

The trial judge, after a close and laborious study of all the testimony, and considering corroborating circumstances, concluded that there was a verbal contract of lease.

[1, 2] Conceding that the contract was proved, as was well held by the district judge, it is so incomplete in its terms that it cannot be enforced. The date of the lease, the monthly rental, and the duration of the term of the lease, are the only things definitely proved. The testimony shows that something more was to be done. The style and cost of the modern front was to be submitted by plaintiffs, and approved and agreed to by defendant. This agreement was never reached. Plaintiffs do not allege that they alone were to decide upon the plans and specifications for a front to defendant's building.

In contracts of lease of the magnitude of the one under consideration, it is usual to have them reduced to writing, to provide for rent notes and, for failure to pay them

144 LA.—30

at maturity, for attorney's fees in case of suit; for keeping the premises in good order; for the nondissolution of the lease because of the destruction of the house by fire; for the reservation by the lessor to cancel the lease for violation of its terms, etc. None of these things appear to have formed parts of the lease testified to by plaintiffs.

As to the repairs to the building, plaintiffs do not state with definiteness as to their nature or extent, and no judgment could be rendered ordering defendant to make any particular repairs. That part of the lease was not completed; there was no concensus of minds by the parties as to them; and the contract, as a whole, was incomplete. Something more was to be agreed upon.

The same is true as to the modern front to be added to the building. There were no plans and specifications thereof submitted or agreed upon at the time. Only the cost thereof was limited to $3,000 at the date of the lease in March, 1918. There are no plans and specifications in the record now. They were never agreed to and approved by defendant. Plaintiffs testified that in the following May:

"That was the bone of contention. The figures had nothing to do with it. The only thing was they were holding back on the price of the front."

This holding back on the price of the front shows quite clearly that the contract was not complete in March, 1918, the date alleged by plaintiffs; and defendant refused to make a contract in May following. There was no valid, binding agreement, amounting to a completed contract, made verbally between the parties in March, 1918, which is enforceable in all of its parts; and as a contract must be treated as a whole, and as some of the parts of the alleged contract were not definitely agreed upon, the contract is not en-

forceable, and plaintiffs must fail in their suit. Laroussini v. Werlein, 52 La. Ann. 424, 27 South. 89, 78 Am. St. Rep. 350; In re Woodville, 115 La. 810, 40 South. 174.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and that there be judgment in favor of defendant dismissing plaintiffs' suit at their cost.

O'NIELL, J., concurs in the decree.

DAWKINS, J., takes no part, being recused.