ANTHONY GIUFFRIA

versus

ROBERT R. REID

NO. 8633,

COURT OF APPEAL,

PARISH OF ORLEANS

WILLIAM A. BELL, JUDGE:

January 2, 1923.

372

BY: WILLIAM A. BELL, JUDGE:

This is a suit on three promissory rent notes, each for the sum of $80.00, and representing the total value of three months' rent for June, July, August, 1921, on the second-floor apartment of premises No. 3602 St. Charles Ave., property owned by plaintiff herein.

The lease was a written lease, dated September 20, 1920, and running from the 1st of October, 1920, to the 30th of September, 1921. In a previous suit filed in the First City Court of New Orleans, No. 97,348 of the docket of said court, the same issues of fact and of law arose upon suit for rent due for the month of May, 1921. In this latter suit there was judgment for plaintiff, and on appeal, under the docket number of this court, 8375, the judgment of the lower court was affirmed. In the suit now under consideration there was judgment in the First City Court under record number 98,964, for the sum of $240.00, as prayed for, from which judgment defendant has appealed.

The only defense to plaintiff's petition is failure of consideration for the notes sued upon, defendant alleging that although he signed the lease and notes referred to, that by a subsequent verbal agreement he was allowed to vacate the second-floor apartment, and in lieu thereof, to move to the third-floor apartment, just above the one rented under written contract of lease. Defendant admits that he voluntarily removed from the second-floor apartment which was under written lease, but claims that by verbal agreement with plaintiff, the latter was to put the upper, or third-floor apartment, into proper repair, and was to give him a written lease under the same terms and conditions as those nominated in the written lease relating to the second-floor apartment; that plaintiff failed to make the necessary repairs, or to give him a written lease similar to that of the first contract of lease. Upon these facts, it is contended that the rent for the months sued upon was not due, and owing, and that

373

defendant was compelled to vacate the third-floor apartment on or about April 20, 1921.

It is not necessary to discuss the contradictory evidence found in the record as to the failure of the plaintiff to make the repairs verbally agreed upon, nor is it necessary to do more than to note the testimony of plaintiff to the effect that he made such repairs as were possible, up to the point where defendant, who had agreed to assist him in making said repairs, failed to continue to give him such assistance.

The sole question for determination is whether the old lease relating to the second-floor apartment was ever cancelled. Whatever the understanding between the parties might have been, and irrespective of what their conflicting testimony may be as set forth in the record, the actions of the parties are abundantly eloquent in revealing exactly what was intended. We find as a fact that the defendant removed from the lower apartment at his, defendant's request, that he, while in the third-floor apartment paid two of the rent notes relating to the second-floor apartment, that he never, at any time, requested the plaintiff to return the old lease, or to cancel the old notes, but, on the contrary, after finding that plaintiff had re-leased the vacated apartment, he, defendant, then made written demand for repossession of said second-floor apartment, and that while in the third-floor apartment received permission from the plaintiff to sub-lease portions thereof, and for this purpose advertised for a subtenant. This advertisement called for a subtenant for the unexpired period of the lease existing under the written contract.

We find, from all these successive acts on the part of the defendant, that there was never any intention between the parties to do otherwise than to permit, by exceptional accommodation on the part of the plaintiff the use of the third-floor apartment, in lieu of the one stipulated in the written contract, and that plaintiff never intended to, nor in fact, did, by any acts on his part, release the defendant from the obligations arising from the written contract. Great stress is laid upon a certain letter received by defendant from plaintiff's counsel, and from the

verbage of which, defendant contends there was a clear declaration on the part of the plaintiff to cancel the lease on the second-floor apartment. We have given this letter careful attention, and find from its language that no such inference can be drawn, and all of the actions of the defendant subsequent to the receipt of said letter distinctly portray the defendant's continuous intention to abide by the written lease, and to assert any rights that he might have had thereunder.

On March 10, 1921, while still occupying the third-floor apartment under the accommodations granted by the plaintiff, defendant wrote plaintiff that he again desired possession of the second floor apartment, under the lease held by him, and dated September 20, 1920. It was to this letter that plaintiff's counsel, on the following day, replied that there could be no doubt that defendant "voluntarily cancelled (his) lease on the rooms in the second-floor of the apartment No. 3602 St. Charles Ave." and that he had taken in lieu thereof, under the same terms and conditions, rooms on the third floor then occupied by him.

By no reasoning can the expression set out in this letter of plaintiff's counsel, be construed as a release from the written contract of lease on the second-floor apartment, for in the same letter the defendant is notified that counsel has advised plaintiff to hold defendant for the remainder of the term of the lease on the rooms then occupied by plaintiff, in the third floor. The letter, taken as a whole, shows clearly that the plaintiff had never, at any time, intended to release defendant from his original obligation, although under accommodation he permitted him to occupy a different apartment in the same building. Even though the interpretation contended for be taken as correct, the subsequent acts of the defendant in retaining the occupancy of the third-floor apartment, and of paying, at the same time, the rent notes on the second-floor apartment, would estop him from denying the existence of the former lease, and his liability thereunder.

The mere removal of defendant from one apartment to another in the same building, could not have cancelled the only written lease which appears to have been given unless there was express agreement to this effect. The evidence does not show that such agreement was made, but on the contrary, the plaintiff's testimony, and all the acts of the defendant, lead to the conclusion that there was no agreement to cancel the written lease. It cannot be doubted for a moment that had the plaintiff not paid the rent notes falling due after removal into the third-floor apartment, that provisional seizure would have been properly issued, and the property and effects of the defendant in said third-floor apartment been subject to lessor's lien for the rent then due and owing.

The plea of failure of consideration for notes given in payment of rent under a written contract of lease, is inconsistent with the further plea or defense that the lease sued upon has been cancelled by mutual agreement. One or the other of these defenses may be established in avoidance of liability, the burden of proof, however, in the case of either defense being upon the lessee.

We have carefully examined the case of Haas & Son, v. Bernhardt, 144 La., 927, and all other authorities therein cited by the Court, and now relied upon by the defendant, as establishing the law governing the instant case. We cannot see the application of these authorities to the defenses herein pleaded. There having been no new written lease between the parties to this suit, we are of the opinion that the cited cases are more available to plaintiff than to defendant, in establishing the doctrine there enunciated, to the effect that verbal agreements regarding a contemplated written lease, are as though not made until incorporated into the lease, and until the lease itself is duly signed by the parties. We find no error in the judgment of the trial court.

It is therefore ordered, adjudged and decreed, that the judgment herein appealed from be, and the same hereby is, affirmed, at plaintiff's cost in both courts.

JUDGMENT AFFIRMED.

January. 2, 1923.                    376