## BUCKLEY v. DELAWARE LOUISIANA FUR TRAPPING ·CO., Inc., et al.

(District Court, E. D. Louisiana. August 14, 1924.)

### No. 17664.

**I. Courts ☞269 — Federal court of district has jurisdiction of suit to enjoin trespass as local action.**

The federal court of the district has jurisdiction of a suit to enjoin trespass on land in Louisiana, as in the nature of an action in rem, involving the right of possession, where diversity of citizenship exists.

**2. Appearance ☞19(I) — Appearance held waiver of objection to jurisdiction of person.**

The appearance of a defendant and the filing of affidavits in opposition to a motion for a preliminary injunction held a waiver of objection to jurisdiction of the person.

**3. Injunction ☞136(2)—Complainant held entitled to a preliminary injunction to restrain trespass on real estate.**

Negotiations for a lease, which did not result in a contract, held not to give defendant any equitable right to go upon the land, and complainant held entitled to a preliminary injunction to restrain trespass thereon.

In Equity. Suit by Charles W. Buckley against the Delaware Louisiana Fur Trapping Company, Inc., and others. On plea to jurisdiction, and motion by complainant for preliminary injunction. Plea overruled, and injunction granted.

Thomas E. Furlow, of New Orleans, La., for plaintiff.

Sanders, Baldwin, Viosca & Haspel, of New Orleans, La., for defendants.

DAWKINS, District Judge. Plaintiff alleges himself to be the owner of some 30,000 acres of land situated in the parish of Terrebonne, this district, and seeks to enjoin the defendants from trespassing thereon by trapping for fur-bearing animals. Defendant Delaware Louisiana Fur Trapping Company, Inc., excepted to the jurisdiction ratione personæ.

### Plea to the Jurisdiction.

[1, 2] The plea to the jurisdiction in this case should be overruled for the reason that the proceeding is in the nature of an action in rem, in that it involves the right to or possession of certain real property, and the charge of trespass thereon by the defendants through their agents. Under the Louisiana Code of Practice, the possessory action is denominated a real action, and it is for the protection of that possession and the declaring of the plaintiff's right thereto that this suit is brought. Besides, the defendants appeared and filed affidavits on the hearing to support their right to the possession, without exacting a rule upon the jurisdictional question, which has had the effect, in my opinion, of waiving the exception to the jurisdiction.

### Right to Preliminary Injunction.

[3] On the question of the right to a temporary injunction, the same depends upon whether or not the defendants have a legal or equitable right to the use of the property. The affidavits and the correspondence filed on the hearing indicate rather clearly that the parties had been, for several months, endeavoring to get together on the terms of a lease for a period of years, but that it was contemplated by all a written agreement should be made to incorporate those provisions, and until this was done the defendants would not pay the price which was to have been given. Many letters passed between them and their common counsel, but the lease was never actually prepared or signed, until finally the plaintiff, by a telegram, directed that negotiations be discontinued. Defendants then attempted to pay the price of $500 per annum through their said attorney, and to have the lease prepared and signed, but plaintiff declined to go further with the matter. In these circumstances, the matter never went beyond the negotiation stage, and hence there was no contract. Haas v. Bernhardt, 144 La. 927, 81 So. 402. It is true that defendants and the attorney assumed that the contract would be made and signed, and accordingly defendants arranged with third persons to pursue trapping operations on the property; but this was not the fault of the plaintiff. The attorney appears to have been about as much the counsel of the one as the other.

My conclusion is that the plaintiff is entitled to the preliminary injunction to protect his rights of possession in the real property; and it is accordingly so ordered.