OVERTON, J.
 

 This case comes before us by appeal from a judgment sustaining an exception of no cause of ^action. The suit was brought for damages for breach of an agreement to enter into a etmtraet of lease.
 

 It appears from the allegations of the petition, which the exception of no cause of action necessarily admits to be true for the purposes of the exception, that on January 9, 1928, plaintiff entered into an agreement in writing with R. H. Fishel and Clarence Dryer, the defendants in the case, to lease a certain building in Monroe, La., at a monthly consideration of $450 for the first three years and at a monthly consideration of $500 for the next two years; that the lease was to begin when certain alterations and improvements were completed; that in the-written agreement-plaintiff bound itself to make these alterations and improvements at a sum not to exceed $5,500; that it was further agreed that the contract for the alterations and improvements might be let for a sum not to exceed $7,300; that defendants agreed to pay the costs of the alterations and improvements in excess of $5,500 up to $7,300; that defendants agreed to present, plans to make the alterations and improvements immediately upon the signing of the agreement to lease, and to sign the lease agreed upon immediately upon the letting of the contract for the alterations and improvements.
 

 The petition further discloses that defendants selected H. W. Smith and associates as their architects and presented plans as agreed upon; that plaintiff then proceeded to obtain bids for the work to be done, and upon receiving bids let the contract to the lowest bidder for $7,275, or $25 less than the maximum price agreed upon by the parties to this
 
 *1098
 
 suit; that plaintiff then prepared and executed a lease embodying the terms agreed upon and presented it to defendants for execution, but that defendants failed and refused to comply with their agreement to execute the lease; and that, after repeated efforts to induce defendants to comi>ly with their obligation to execute the lease, plaintiff put defendants in default, and notified them that it would take steps to lease the building to other tenants and would expect defendants to compensate it for the loss and damage sustained.
 

 The petition then discloses that, after ordering the cessation of the making of the improvements, and that, after making due and diligent efforts to lease the building, plaintiff was unable to lease it until September 1, 1928, when it obtained a tenant for the term of five years at a monthly rental of $400 for the first three years and $450 for the last two years. The petition then details the damages suffered, and prays for judgment in the sum of $5,500, with legal interest from judicial demand.
 

 In response to a prayer for oyer, plaintiff produced the contract sued on. Its provisions are in accord with those stated above.
 

 The exception of no cause of action rests upon the ground, to quote from defendants’ brief, rfthat the instrument sued on is only what it purports to be — ‘An agreement to lease’; and that they (defendants) had the right to withdraw therefrom at any time before the contemplated lease was signed.”
 

 In Evans v. Dudley Lumber Company, 164 La. 472, 114 So. 101, based upon prior jurisprudence, it was held that, where parties had agreed to the terms of a contract, which it was understood was to be reduced to writing, either party could withdraw until the contract was so reduced and signed. This ruling was made upon the theory that, if ‘the parties agree that the contract is to be reduced to writing, it is not complete, but inchoate, until it is so reduced and signed. However, that case clearly recognizes that one may enter into a present binding agreement to enter into a future contract, the terms of which are agreed upon. Thus one may enter into a contract to transfer property to another. In fact, “all things that are not [prohibited] by law, may legally become the subject of or the motive for contracts. * * * » Civil Code, art. 1764. The doctrine that one may make a present binding agreement to enter into a future contract, the terms of which have been agreed upon, was expressly recognized in Kaplan v. Whitworth, 116 La. 337, 344, 345, 40 So. 723.
 

 Defendants rely largely upon the case of Woodville v. Kantrowitz, 115 La. 810, 40 So. 174, to sustain their position. In that case the provisions that it was impliedly agreed to insert in the contract of lease were very much like those which were to have been inserted in the contract of lease in this case. However, in that case the court found that some of the terms of the contemplated contract of lease were mentioned, while others, as the court took it, were not mentioned, and observed that this was so, because it was unlikely that the parties expected the written lease to contain nothing more than a designation of the house, the amount of rental, and the time during which the house was to be occupied. This reasoning might apply here, but the provisions, in this instance, which it was obviously contemplated the lease should contain, are not only all that is essential to the contract of lease, but neither party to the agreement to enter into the contract is in position to urge that the contract was to contain anything more than what was provided for in the agreement to enter into it, for the agreement was acted upon by defendants by having the plans prepared'for the making of the improvements and alterations and by
 
 *1100
 
 submitting the plans to plaintiff to have the contract let for making them, and by plaintiff by its letting the contract to make them. Certainly, neither 'plaintiff nor defendants would have gone so -far had either considered that there was something yet to be agreed upon, which either desired should enter into the contract. We therefore conclude that, at the time the agreement to enter into the lease was signed, both parties considered that all the terms and provisions of the lease had been agreed upon, and as those terms and provisions were sufficient to constitute the contract to be executed one of lease, we think that plaintiff discloses a cause of action for breaching the contract to sign the lease.
 

 For these reasons, the judgment appealed from is annulled and set aside, the exception of no ea'use of action is overruled, and the case is remanded to the lower court to be proceeded with according to law.