(131 So. 663)

KNIGHTS OF PYTHIAS v. FISCHEL et al.

No. 30678.

Dec. 1, 1930.

Chandler & Chandler, of Shreveport, and Shotwell & Brown, of Monroe, for appellant.

Lyons & Prentiss, of Shreveport, for appellee Fischel.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee Dryer.

BRUNOT, J.

This is a suit for damages, based upon the defendant's noncompliance with their contractual obligations.

This is the second appeal in the case to this court. The first appeal was from a judgment sustaining an exception of no cause of action and dismissing the suit. On appeal (168 La. 1095, 123 So. 724), that judgment was reversed and the case was remanded for a trial on the merits.

This appeal is from a judgment, on the merits, rejecting the plaintiff's demands. The pertinent clause of the contract sued upon is as follows:

"It being understood that this agreement is made and based on the possibility of the same improvements not exceeding a total of $7,-300.00, if for any reason said improvements exceed this amount this agreement will become null and void and no lease will be executed."

The plaintiff contends that the quoted clause of the contract contains a resolutory condition which the defendants by their acts and conduct waived; and that the defendants breached the contract by not presenting plans and specifications according to its terms; and, in the alternative, that defendants approved the plans that were prepared.

The contentions of the defendants are that the quoted clause of the contract suspends the obligations of the contracting parties until the happening of an uncertain future event; and that plans and specifications were prepared by the architect, who was employed upon the recommendation of the plaintiff, but whose plans, as subsequently modified, were not approved by the defendants. It was upon these issues that the case was tried.

The suit is for damages for $5,550; the items of damage being loss of rental for six months, $2,700, diminution in rental for fifty-four months, $2,700, and expenditures, $150.

There are 191 pages of oral testimony in the record. We have read it carefully and have reached the conclusion that a fair preponderance of the testimony supports the judgment appealed from, and reasonably establishes the following facts: (a) That the two defendants, who were to occupy the plaintiff's premises, conduct different kinds of business; (b) that the business conducted by one of them requires a modern and specially designed front and display cases; (c) that the plans and specifications for the proposed alterations of the premises were prepared by the architect who was employed upon the recommendation of the plaintiff; (d) that the lowest bid for the work called for by these plans and specifications exceeded the sum of $7,300 by approximately $800; (e) that plaintiff had the plans modified to bring the bid within the maximum limit of $7,300, at the sacrifice of the availability of one of the defendant's showcases for the full use for which it was intended, and that the modified plans were never approved by that defendant; and (f) that the other defendant was not affected by the modified plans and was willing to take his part of the building, but the plaintiff would not lease a part of the premises.

There were a number of consultations in an effort to get together on an amicable and satisfactory basis, but no agreement was reached between the parties, and the matter was in this situation when the suit was filed.

It is our opinion that if the clause of the agreement to lease, quoted supra, contains a resolutory condition, that condition has not been waived by the defendants. If, on the other hand, the quoted clause of the agreement suspends the obligations of the contracting parties until the happening of a future uncertain event, the happening of that event has been made impossible by the lease of the premises, by plaintiff, to other parties, for a term of years.

The judgment in this case must rest upon the facts found.

For these reasons, the judgment appealed from is affirmed, at appellant's cost.