LAND, Justice.
 

 This is a suit for damages for the violation by defendant of an agreement to sign a lease. From the judgment of the lower court, sustaining an exception of no cause or right of action filed by defendant, plaintiff has appealed.
 

 Motion to Dismiss Appeal.
 

 Defendant has filed in this court a motion to dismiss the appeal, for the reason that same was taken more than one year after rendition of final judgment, dated April 25, 1934.
 

 On April 18, 1931, defendant filed an exception of no cause or right of action; on April 29, 1931, an answer was filed by defendant; on April 18, 1934, the exception of no cause or right of action was argued and submitted; on April 21, 1934, the exception was sustained;
 
 on April 25, 1934, judgment was read, signed and filed; and on the same date, April 25, 1934, a motion for rehearing was filed by plaintiff.
 
 No action was taken on the motion for rehearing until June 12, 1935, when plaintiff filed a brief in support of the motion.
 

 On February 19, 1936, the motion for rehearing was denied,
 
 and on March 18, 1936, another judgment was read, signed, and filed; the attorneys for both plaintiff and defendant overlooking the fact that a judgment had been signed on April 25, 1934.
 

 From the judgment rendered in this case, the plaintiff perfected its appeal by timely obtaining orders of appeal,
 
 and filing its appeal bond March 18, 1936,
 
 and lodging the transcript in this court.
 

 The fact that the judgment rendered on April 25, 1934, was read, signed, and filed on the same day, before the expiration of the delay allowed by law for a rehearing, did
 
 not
 
 affect the right of plaintiff, the party cast, to move for a rehearing. This motion was timely filed. The exception of no right or cause of action was sustained on April 21, 1934, which fell on a Saturday. Act No. 10 of 1926 provides “that a party who believes himself aggrieved by a judgment given against him, may,
 
 within three judicial days after
 
 such judgment has been rendered, pray for a rehearing, which must be granted if there is a good cause for same.” Section 1. (Italics ours.)
 

 
 *879
 
 It follows, necessarily, that Saturday, the day on which the judgment was read, signed, and filed, is excluded from the delay granted by the act, as well as Sunday, April 22, 1934, as it is not a judicial day.
 

 Plaintiff, therefore,- had Monday, April 23, Tuesday, April 24, and Wednesday, April 25, 1934, within which to file its motion for a rehearing, which was filed on Wednesday, April 25, 1934.
 

 The motion for rehearing being timely filed, the judgment rendered in this case, though signed, is considered as not becoming legally effective unless and until the motion is overruled. Herold v. Jefferson, 172 La. 315, 134 So. 104.
 

 As the motion for rehearing was not denied until February 19, 1936, the judgment in this case did not become final until that date; and, as plaintiff perfected its appeal by filing its appeal bond in the lower court March- 18, 1936, it is clear that the appeal was taken within the year after rendition of final judgment.
 

 The motion to dismiss the appeal is therefore overruled.
 

 Exception of No Cause or Right of Action.
 

 The appeal by plaintiff is taken from a judgment sustaining an exception of no cause or right of action, and, for the purpose of passing upon this exception, the allegations of fact contained in the petition are accepted as true.
 

 Stating the facts alleged in the petition in narrative form, it appears that prior to March 1, 1929, defendant agreed to lease to plaintiff, for a term of five years, beginning March 1, 1929, and ending February 29, 1934, the entire lower floor of its store building in the city of Monroe, La., for the consideration of $22,500, payable in equal monthly installments of $375 on the first of each month, beginning April 1, 1929, with the privilege of subleasing any portion thereof to Wise Shoe Company for operation and conduct of a shoe business.
 

 Prior to the confection of a written contract of lease, and in anticipation of its execution, defendant put plaintiff
 
 in possession
 
 of the premises as lessee, and plaintiff had occupancy of same until it vacated on or about January 1, 1931.
 

 Prior to June 27, 1929, a contract of lease was prepared by defendant and was approved by both parties in all its terms and provisions; and, on that date, pursuant to an appointment for that purpose, the representatives of plaintiff repaired to the office of the representative of defendant in the city of Monroe, and, upon being informed that the contract of lease was ready for signature, plaintiff, through its representatives, affixed its signature to the contract of lease,
 
 and executed its promissory notes representing the monthly installments of rent for the full term of the lease.
 

 After plaintiff had affixed its signature to the lease contract and executed its notes representing the monthly installments of rent, defendant; notwithstanding its agreement and representation that through its representative, duly authorized so to do
 
 *881
 
 by resolution, it would sign the contract of lease, contemporaneously with the signing and execution of same by plaintiff, failed and refused to sign the contract of lease and thus complete its execution.
 

 On June 27, 1929,
 
 plaintiff delivered and defendant accepted plaintiff’s promissory notes representing the monthly installments of rent for the full term aforesaid. ‘These notes were paid by plaintiff to defendant as they matured, up to January 1, 1931,
 
 when, on that
 
 date,
 
 plaintiff vacated the premises because of the default of defendant, after repeated demands, to sign the contract of lease and complete its execution, or either affirmatively to recognize or repudiate the lease contract.
 

 Upon the faith of the promise, representation, and agreement of defendant that it would sign and execute the lease contract, plaintiff, as it had the privilege to do under the terms of the lease, agreed to sublease or sublet to the Wise Shoe Company one-half of the premises for a term of five years, beginning March 1, 1929, and ending February 29, 1934, for a monthly rental of $187.50. The Wise Shoe Company occupied its half of the premises as subtenant from March 1, 1929, to November 1, 1929, and during that period paid the agreed monthly rental.
 

 The Wise Shoe Company vacated the premises on November 1, 1929, solely because of the failure and refusal of defendant to carry out its agreement with plaintiff, and informed and advised plaintiff that, while the company would like to remain in the premises, it could not do so, by reason of the nonexecution of the primary lease by defendant, because that company, like plaintiff, had no protection against third persons who might acquire from defendant a written contract of lease covering the premises, or any part of same, and that the company could not take the risk of being dispossessed of the premises by creditors of defendant, or by others who might acquire rights in and to same by purchase or otherwise.
 

 The Wise Shoe
 
 Company
 
 would have remained in the premises for the full
 
 term oí the
 
 primary lease, at the stipulated rental of $187.50 monthly, if defendant had completed and carried out its agreement with plaintiff.
 

 Plaintiff alleges that defendant’s failure to carry out its agreement proximately caused to plaintiff loss and damage in the sum of $2,625, as it was deprived, as the result of defendant’s action, of the rental value of the premises formerly occupied by Wise Shoe Company for a period of 14 months; that is to say, from November 1, 1929, when Wise Shoe Company vacated the premises, up to January 1, 1931, when plaintiff vacated the premises because of defendant’s repudiation of its agreement.
 

 Plaintiff further claims, as additional loss and damage, $768.25 for painting and erecting new signs for the building, not removable; $237.50 for fitting up and equipping a fixture room; and $391.75-in moving its stock of merchandise from defendant’s building to plaintiff’s new place of business, arid alleges that such expenditures would not have been made had it
 
 *883
 
 not been for defendant’s agreement with plaintiff.
 

 Defendant prepared the lease; it was presented to plaintiff to sign; plaintiff signed the lease, executed all of the rent notes according to the terms of the lease, was placed in possession of the leased premises, and paid the rent to defendant on the first of each month, as stipulated in the lease. Defendant refused to sign.
 

 Under this state of facts, the agreement to lease was complete; was carried out and acted upon to the letter; and thereby became an executed contract. Defendant is as firmly bound as if the contract had been reduced to writing and signed by it. Civ. Code, art. 1764; Knights of Pythias v. Fishel, 168 La. 1095, 123 So. 724, affirmed in Johnson v. Williams, 178 La. 891, 900, 901, 152 So. 556.
 

 The allegations of the petition, taken as true, show, in our opinion, a cause of action for damages.
 

 It is therefore ordered that the judgment appealed from sustaining the exception of no cause or right of action and dismissing plaintiff’s suit, be annulled and reversed.
 

 It is now ordered that this case be remanded and reinstated upon the docket of the lower court, and be proceeded with in due course, and according to law.
 

 It is further ordered that defendant pay the costs of this appeal, and that all other costs await the final judgment in this case.
 

 ROGERS, J., concurs in the decree.