**H. A. BAUMAN, Inc., v. TILLY.**

No. 5501.

Court of Appeal of Louisiana.
Second Circuit.

June 1, 1938.

Rehearing Granted June 30, 1938.
On Rehearing Nov. 4, 1938.

Writ of Certiorari and Review Denied
Jan. 10, 1939.

HAMITER, J., dissenting.

———◆———

Dickson & Denny, of Shreveport, for appellant.

Edward Barnett, of Shreveport, for appellee.

DREW, Judge.

For a cause of action plaintiff filed the following petition:

"The petition of H. A. Bauman, Inc., a corporation organized under the laws of the state of Louisiana, domiciled and doing business in Shreveport, Caddo Parish, Louisiana, with H. A. Bauman as President thereof, with respect represents:

"1. That H. A. Bauman, Inc., was organized on or about the time that the defendant, R. D. Tilly purchased the property described as:

"Lots 77, 78 and 40 feet off of the west side of Lot 76 on the Bauman Place Subdivision in the city of Shreveport, Caddo Parish, Louisiana, together with all buildings and improvements thereon, at sheriff's sale, for the purposes of supervising the completion of the building, which was at the time of the sheriff's sale only partially completed and unfinished, and for the further purposes of purchasing and operating said building.

"2. Your petitioner shows that through its President, H. A. Bauman, it entered into a verbal contract with the said R. D. Tilly to supervise the completion of said building, and that in compliance with this agreement, made estimates of the completion of building, said work and supervision extending over a period of June, July and August, 1930, and on August 15th, contract was entered into for part of the completion.

"3. That part of said construction was done by said contract and part was done by day labor which was supervised by your petitioner, the work being completed about December 15th.

"4. Your petitioner shows that this work was done by it under the further agreement that the said R. D. Tilly would sell and convey said property to your petitioner when finished, under the following conditions:

"That he would sell said property with improvements to your petitioner for a sufficient amount to reimburse him for his entire indebtedness against said property, plus a sum not over approximately $15,000.00 for completion of improvements, said sale to be made wholly upon terms of credit, the first note in the amount of $4000.00, being due some three years after date, and the balance to be reduced $4000.00 per annum, all bearing 8% interest.

"5. Petitioner further shows that in compliance with the said contract, your petitioner, through its president, H. A. Bauman, was placed in actual physical possession of said property, and that delivery of same was made to it under and by virtue of said oral contract to sell, and that the said H. A. Bauman, Inc., through its president, H. A. Bauman, took actual possession of said property.

"6. Petitioner further shows that actual delivery has been made of said property thus sold under said verbal sale.

"7. Petitioner further shows that after it had complied with the terms of its agreement in supervising the completion of said building, with the exception of the refrigeration which though partially completed, was ordered stopped by defendant, it called upon the said defendant to comply with the terms of the contract, but said defendant refused to make deed to said property, positively stating that he would not make deed to said property, and petitioner shows that it has called upon defendant to make deed and that the defendant has positively refused to execute same.

"8. Petitioner shows that it is entitled to have said property transferred to it under the contract as above set forth.

"9. Petitioner shows in the alternative, and in the event the court should hold that it cannot enforce specific performance of said contract, that it is entitled to damages for the breach of the said contract in the following amounts:

"The difference between the value of said building which is well worth the sum of $75,000.00, and the cost of said building to the said R. D. Tilly, not exceeding $53,000.00, namely; $22,000.00.

"10. Petitioner further shows that the figures above set forth are approximately the value of said property and the cost to the said defendant, R. D. Tilly, and that it has lost by reason of said breach of contract the sum of $22,000.00.

"11. Petitioner further shows in the alternative and only in the event that the said contract is not enforced or monetary values not fixed by the breach of said contract, that it is entitled to be paid for its labor performed and services rendered under said agreement.

"12. Petitioner further shows that the services rendered and labor performed in supervising said building in securing the contracts during the period of the completion of said building as above set forth and prior thereto, are well worth ten per cent of the cost of the added improvements, which was the sum of $15,000.00.

"13. That the value of services in supervising the said building is the sum of $1500.00.

"14. That your petitioner desires a trial by jury in this cause, and that it is entitled to a trial by jury and that it deposits herewith the jury fee, required by law.

"15. That your petitioner relying upon said contract, had installed in said building oscillating fans, instead of the non-oscillating fans as provided in the agreement with the defendant, R. D. Tilly, the said non-oscillating fans that the contract called to be put in said building cost $11.50 each, whereas the oscillating fans cost $16.50 each, and there being 16 of them.

"16. Your petitioner shows that in the event the court does not order a sale of the said property to be made to your petitioner, it is entitled to 5 of said fans, and in the alternative and in the event that the court should hold that it is not entitled to 5 of said fans, that it is entitled to an additional sum of $80.00 for said fans.

"Wherefore, petitioner prays that the defendant, R. D. Tilly, be duly cited to appear and answer this petition, and that after due and legal proceedings had, there be judgment herein ordering the said defendant, R. D. Tilly, to convey this property to your petitioner, H. A. Bauman, Inc.; that in the alternative and in the event that the court does not order the said R. D. Tilly to convey said property or upon his refusal to do so, your petitioner have and recover judgment in the full sum of $22,000.00, together with legal interest from judicial demand until paid; petitioner further prays that in the alternative and in the event the other demands are rejected, that it have and recover judgment in the full sum of $1500.00, together with legal interest from judicial demand until paid; petitioner further prays that it be deemed the owner of 5 of said oscillating fans installed in said building, and in the alternative and in the event the court should hold that it is not entitled to said fans, that it have and recover judgment in the further amount of $80.00, together with legal interest from judicial demand until paid; your petitioner further prays that the court order this cause tried by jury and that the amount of the jury bond be fixed. Further prays for all orders necessary, for general and equitable relief."

To the petition, defendant filed a plea of res judicata, alleging that in suit No. 55,-925 on the docket of the First Judicial District Court of Caddo Parish, in suit styled R. D. Tilly v. H. A. Bauman, Inc., the plaintiff in the suit at bar filed a demand in reconvention against the plaintiff

in the former suit; and that the demands in reconvention were the same identical ones made in the case at bar. That the demands made in the former suit were rejected and the judgment has become final. That the demands in the two suits are the same and founded upon the same cause of action, and the suits are between the same parties.

The lower court sustained the plea of res judicata, insofar as the demand for specific performance is concerned, and overruled it as to the other claims.

Defendant answered, denying categorically each and every allegation of each and every article of plaintiff's petition.

After trial was had, the lower court awarded judgment for plaintiff in the sum of $80, and from that judgment plaintiff prosecutes this appeal.

The prayer of H. A. Bauman, Inc., in its answer and reconventional demand in the former suit, is as follows: "Wherefore, defendants pray that this answer be deemed good and sufficient, and that plaintiff's demands be rejected at his costs, and that there be judgment herein ordering the said R. D. Tilly to convey this property to the said defendant, H. A. Bauman, Inc.; and that in the alternative and in the event the court does not order the said R. D. Tilly to convey said property, or upon his refusal to do so, that it have and recover judgment in the full sum of $22,000.00, together with legal interest from judicial demand until paid; defendant, H. A. Bauman, Inc., further prays in the alternative and in the event that the other demands are rejected, that it have and recover judgment in the full sum of $1500.00, together with legal interest from judicial demand until paid. Defendants further pray that the court order this cause tried by Jury, and that the amount of the jury bond be fixed. Further pray for all orders necessary, for general and equitable relief."

The prayer is in conformity with the allegations of the answer and the reconventional demand.

A mere reading of the petition in the suit at bar and the prayer of said petition and a reading of the prayer in the answer and reconventional demand in the former suit between the two parties discloses that in the former suit, plaintiff in the present suit sought to recover everything it is now claiming, with the exception of $80 paid by it for electric fans, for which it has not been reimbursed. The former judgment rejected its demands and is final, and the plea of res judicata should have been sustained as to his entire demand, with the exception of the claim for $80, and the lower court's ruling in that respect is amended to so hold.

The evidence is uncontradicted that plaintiff did pay for the electric fans which were placed in defendant's building, with his consent, the sum of $80, and for which defendant has failed to reimburse it. It is entitled to judgment for the $80.

The lower court awarded plaintiff judgment for that amount and the judgment of the lower court is affirmed; costs of the court below to be paid by defendant and the costs of appeal to be paid by plaintiff.

## On Rehearing.

TALIAFERRO, Judge.

Plaintiff's petition is copied in full in our original opinion. The prayer consists of four (4) separate parts as regards the relief sought, viz.:

First—Specific performance of alleged verbal agreement to sell real estate.

Second—Alternatively, damages for the breach of said alleged contract.

Third—Alternatively, value of services rendered in supervising the construction of improvements on the lots involved in said alleged contract to sell.

Fourth—The cost price of five (5) oscillating fans furnished by plaintiff and installed in the building on said lots.

A plea of res judicata was interposed against plaintiff's demands in toto. It was sustained by the lower court only in so far as it was directed against the action to enforce specific performance of the alleged contract. This court, as appears from its original opinion, amended the lower court's judgment on the plea of res judicata by enlarging its scope so as to embrace all elements of plaintiff's demand, save that for the value of the fans. Our attention in this connection has been since directed to the minute entry in suit No. 55,925, on the docket of the lower court, above referred to, wherein a motion to strike from the reconventional demand, set up therein by the present plaintiff, was sustained only as against the alternative money demands therein asserted, to-wit: demand for $22,000 damages for breach of contract and the $1,500 claimed as value of services for supervising the construction of the im-

provements. These claims were eliminated by this ruling from the case but are again sued for. We inadvertently overlooked the above mentioned action of the court on the motion to strike in suit No. 55,925. Neither counsel directed our attention to it until after rendition of our first opinion herein.

■ Appellee, in lower court, also filed exceptions of no cause and no right of action. These were overruled and are urged here. By answer to the appeal, appellee again asks that his plea of res judicata be sustained as to all elements of appellant's demand. In so far as relates to the alternative demand for damages alleged to have resulted from the breach of contract, the exceptions of no right and no cause of action are manifestly well founded.

■ It is a correct rule, well established in our jurisprudence, that if the existence of the contract, damages for the breach of which is sued for, may not be established for lack of that character of evidence required by law, it follows as a corollary that the impotency of such evidence applies equally to the establishment of the asserted damages. As is aptly remarked in Kaplan v. Whitworth, 116 La. 337, 346, 40 So. 723, 727, "Take away the contract, and the suit remains without foundation and falls." Bauduc v. Conrey, 10 Rob. 466, 473; Halsmith v. Castay, 17 La.Ann. 140; Kaplan v. Whitworth, supra; Lyons v. American Cigar Co., 121 La. 593, 46 So. 662; South Arkansas Lumber Co. v. Tremont Lumber Co., 146 La. 61, 83 So. 378.

In this connection, we might add that appellant does not now seriously urge the demand for damages for the breach of the contract.

■ The ruling of the lower court on the plea of res judicata is correct. The judgment in favor of plaintiff for the value of the fans is also correct. These were furnished by plaintiff and installed in the building. He has not been paid for them. This leaves for final consideration the asserted claim for supervising services.

Dr. Tilly acquired the lots described in plaintiff's petition at sheriff's sale. A large, but unfinished, apartment house was thereon at the time. Plaintiff was interested in the property prior to the sheriff's sale and desired to become the owner thereof. Before the property could be made to yield revenues, it was necessary that the apartment house be completed. It required over sixteen thousand dollars to do this. Plaintiff and defendant entered into an agreement, admitted by both, that defendant would advance the funds necessary to complete the building, and that plaintiff would let contracts therefor, buy material and in general supervise the work to completion. He did this. Some four months were consumed before the building was completed. It is further admitted that after the building was completed the entire property was to be conveyed by defendant to plaintiff for a price equal to the outstanding mortgage against it, plus the amount Dr. Tilly should advance to complete the building; payable in annual installments. The parties were at variance as to certain details of the sale and for this reason it was not consummated. Evidence to prove the above related facts was admitted solely to support the claim for supervising services. In the meantime plaintiff moved into and occupied part of the building and declined to remove therefrom on amicable demand. Said suit No. 55,925 was filed to eject him. Naturally, nothing was said about the value of plaintiff's services as supervisor of construction at their incipiency or thereafter. He felt that inasmuch as he expected to become the owner of the property when completed, for the price above mentioned, that he had a personal interest in seeing that the work was well done and at a minimum cost. The less it would cost the less he would have to pay for it. Defendant shared the same view of the matter. It is clearly established that plaintiff efficiently discharged his duties as supervisor and saved defendant many hundred dollars as a direct result of his doing so. It is also clearly shown that for such services the customary compensation is not less than ten per centum of the cost of the labor and material carried into a building. If plaintiff is entitled to recover any amount for his services on a quantum meruit, he should have judgment for the full amount he claims on this score. Surely, defendant has profited to this extent because of such services. But for them, he would have had to pay as much or more to some other overseer. It is appellee's position that the rule above discussed, as regards lack of right to recover damages flowing from breach of an oral contract to sell real property, also applies to the present claim for supervising services.

■ The testimony bearing thereon does not convince us that there was a wilful breach of the contract in question by either

party thereto. The evidence of the two litigants as to why it was not consummated is diametrically at variance. We do not know which contention is correct. The fact remains that defendant was enriched to a material extent from plaintiff's time, talent and efforts. It would do violence to every rule of equity to deny a recovery by him.

"The equity intended by this rule is founded in the Christian principle not to do unto others that which we would not wish others should do unto us; and on the moral maxim of the law that no one ought to enrich himself at the expense of another. * * *" Civil Code, article 1965.

We do not think that the measure of the value of the services rendered by plaintiff may be appropriately classed as damages resulting from the failure of the parties to finally consummate the sale. The two claims are easily separable. The one is not to any extent dependent upon the other for its existence or enforcement. One is for damages, allegedly arising from the fault of one party; the other claim arises from services rendered by the innocent party to the one at fault.

The claim is for services rendered which would certainly be recoverable if there had been no contract to sell. The services were rendered by and with the consent of the owner, and, in such cases, where no agreement has been reached as to compensation for the services, their value may be recovered on quantum meruit.

"Equity obliges the owner, whose business has been well managed, to comply with the engagements contracted by the manager, in his name; to indemnify the manager in all the personal engagements he has contracted; and to reimburse him all useful and necessary expenses." Civil Code, article 2299.

It will not be presumed that Dr. Tilly purposed not to compensate plaintiff for his services in the event their agreement looking to the sale of the property failed of execution for any reason.

"Where one renders services beneficial to another at his request, an implied contract is raised for remuneration. The law does not allow one person to enrich himself at the expense of another." Beall v. Van Bibber, 19 La.Ann. 434.

Since transcript in this case was lodged here, Dr. Tilly died testate. H. T. Austermell, dative testamentary executor of his succession, by motion has become a party defendant and the judgment we shall herein render will be binding on him as executor.

For the reasons herein assigned, the judgment appealed from is amended by increasing the money amount thereof to Fifteen Hundred and Eighty Dollars ($1,580), with legal interest from judicial demand and as thus amended said judgment is affirmed with costs.

HAMITER, Judge (dissents for the following reasons):

It is my opinion that the judgment of the trial court awarding plaintiff the sum of $80 is correct and should not be disturbed. I am therefore compelled to dissent from the majority holding herein insofar as it amends that judgment by ordering an increase in its amount.