HARDY, Judge.
This is an action of eviction instituted by plaintiffs, L. H. and R. C. Dyer, as lessors, against their lessee, Mrs. Pearl Varnell. From a judgment in favor of defendant dismissing plaintiffs’ suit, they prosecute this appeal.
The basis for plaintiffs’ action of eviction rests upon the allegation that defendant is in possession of the leased premises under an oral lease on a month-to-month basis. The defense is predicated upon the contention that the named lessee holds possession of the leased premises under two separate written instruments of lease providing a term of three years from the effective beginning date of June 1, 1959, with an option of renewal for an additional period' of two years. Defendant further urged the existence of the lease in full force and effect by reason of the timely payment of monthly rentals as provided in the written documents relied upon.
The facts as found by the district judge and incorporated in his written reasons for judgment are that after preliminary negotiations between L. H. Dyer, the son of his colessor R. C. Dyer, and the defendant, Mrs. Pearl Varnell, a written lease was prepared by an attorney of Vidalia, Louisiana, employed by L. H. Dyer, which was signed by Mrs. Varnell; thereupon the proposed written agreement of lease was delivered by L. H. Dyer to R. C. Dyer in Monroe, who refused to sign the instrument but instructed his attorney in Monroe to prepare another lease, which was subsequently tendered to Mrs. Varnell for her *599 approval and signature. L. H. Dyer and Mrs. Varnell appeared before a Notary Public in Ferriday, where the instrument was signed by Mrs. Varnell in the presence of the Notary and two witnesses. Both Mrs. Varnell and the Notary testified that the document was also signed by L. H. Dyer. Defendants sought to procure the production in court of the original instruments of lease by the plaintiffs but it appears from the testimony that the originals of both written agreements of lease had been destroyed by plaintiffs. In this connection R. C. Dyer testified that after the second lease, which had been prepared by his own' attorney, was returned to him by L. H. Dyer, with Mrs. Varnell’s signature affixed thereto, he decided against executing the lease. Copies of the two purported leases were procured from the files of the two attorneys, separately employed by plaintiffs, and filed in evidence by defendant. Both instruments were prepared in March, 1959, and provided for possession of the leased premises by defendant lessee on June 1, 1959. It is established that payment of rental and other conditions incorporated in the documents were faithfully met and performed by defendant lessee.
Under the above facts the district judge relied upon the holding of the Supreme Court in Auto-Lec Stores, Inc. v. Ouachita Valley Camp No. 10, W.O.W., 185 La. 876, 171 So. 62, 64. In reversing judgment sustaining an exception of no cause or right of action the court declared:
“Defendant prepared the lease; it was presented to plaintiff to sign; plaintiff signed the lease, executed all of the rent notes according to the terms of the lease, was placed in possession of the leased premises, and paid the rent to defendant on the first of ■each month, as stipulated in the lease. Defendant refused to sign.
“Under this state of facts, the agreement to lease was complete; was carried out and acted upon to the letter; and thereby became an executed contract. Defendant is as firmly bound as if the contract had been reduced to writing and signed by it. Civ. Code, art. 1764; Knights of Pythias v. Fishel, 168 La. 1095, 123 So. 724, affirmed in Johnson v. Williams, 178 La. 891, 900, 901, 152 So. 556.”
The above recitals of facts are remarkably similar to those under examination in the instant case, and we perceive no reason why the same rule of law should not be applied.
It is urged on behalf of plaintiffs that no binding contract exists until a written agreement is confected and signed by the parties in accordance with an understanding between them, citing Breaux Brothers Construction Company v. Associated Contractors, Inc., 226 La. 720, 77 So.2d 17, and other authorities to the same effect. The cases cited are not apropos since they contemplated the preparation and execution of a written agreement subsequent to oral negotiations and understandings, which agreements were not prepared and executed. The circumstances in the instant case are quite different. There is no dispute as to the agreement between the parties, the preparation of a written instrument of lease by counsel for plaintiffs-lessors and its presentation to and execution by the defendant-lessee. We are further convinced by the preponderating testimony of the defendant and the Notary as opposed to the testimony of L. H. Dyer that the latter also signed the lease agreement. And while it is not conclusively established that R. C. Dyer ever signed the agreement, there can be no doubt that it was prepared under his direction, and it follows that the subsequent tender to and signature by the lessee represented an acceptance of the proposal of lease embodied in the written contract.
It is noted that counsel for plaintiffs devote some argument to the inclusion in the lease document of an option to purchase and cites authorities relating to this point. We find nothing in the record which indi *600 cates that the purchase agreement constitutes an issue in this case, and, accordingly, it is not entitled to he given consideration.
We find no error, either of fact or law, in the judgment appealed from, and, accordingly, the same is affirmed at appellants’ cost.