## HEARNE et al. v. DE GENERES.* ·
### No. 4355.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

Foster, Hall, Barret & Smith, of Shreveport, for appellants.

T. Overton Brooks, of Shreveport, for appellee.

DREW, J.

Plaintiffs are the owners of a lot in the city of Shreveport fronting 62.47 feet on Texas avenue, with a depth of 136.7 feet on the west side and 121.52 feet on the east side, the back line being 52.01 feet.

The lot is contiguous to the lot on which is located defendant's place of business. The nature of his business is wrecking old automobiles and salvaging the parts. The property adjoining plaintiffs' property on both the east and west is vacant, being rented and used by defendant to store old automobiles and parts of automobiles. Defendant's lot is also a vacant lot; no buildings being thereon.

Plaintiffs allege: That defendant has for a period of three years been using this property without their consent for the purpose of storing old automobiles, for parking its employees' cars, and for dismantling old cars, as well as for a passageway from one part of defendant's property to another; and that on February 20, 1931, plaintiffs addressed the following letter to defendant:

"Feb. 20, 1931.
"Mr. Harold De Generes, De Generes Bros., 1219 Jordan St., Shreveport, La.

"Dear Sir: Beginning March 1, 1931, the rent on our lot which you are using back of your place will be $50.00 per month. Your use of any part of this lot will be considered as an acceptance of the above terms and we will expect the rent to be paid.

"The back line of this lot goes to the small houses on the lots which face Jordan Street. As you know the property which I refer to is directly behind the Jordan Street property, which you are renting from the Hearne Dry Goods Company.

"Yours truly,
"Geo. M. Hearne, Jr."

That defendant continued to use plaintiffs' property in the same manner as it had prior to receiving the letter, and plaintiffs contend that the action of defendant after receiving the letter constitutes a contract, and pray for judgment under the contract for rent at the rate of $50 per month for a period beginning March 1, 1931, and ending March 1, 1932.

In the alternative, they pray for judgment on quantum meruit for $50 per month for the said period of twelve months and for judgment for the two years prior to March 1, 1931, at the rate of $50 per month, making a total of $1,800.

Defendant filed an exception of no cause of action, which was overruled by the lower court. He also filed a motion to elect, alleging that the actions on contract and in the alternative on quantum meruit are contradictory and inconsistent. This motion was overruled by the lower court. Defendant in answer denied the allegations of plaintiffs' petition, and alleged: That in his reply to plaintiffs' letter of February 20, 1931, he wrote as follows:

"Feb. 27, 1931.
"Mr. Geo. M. Hearne, Jr., Shreveport, La.

"Dear Sir: We have your letter of the 20th inst., relative to your lot on Texas Avenue, adjacent our property.

"For your information, will state that the cars you see on this lot belong to our employees, who parked them there during the day. We have instructed them to find other space, however, and also have cleaned some rubbish from this lot, and intend to see that same is kept that way, as far as we are concerned.

"On your next drive out the Avenue, we would be pleased for you to inspect this prop-

*Rehearing denied December 16, 1932.

erty, and if same is not now satisfactory, please advise us.

"Yours very truly,
"De Generes Bros.,
"B. S. Adams, Assistant Manager.

That, since posting the said reply, he has never heard any more from plaintiffs, and was surprised when demand was made for rent just prior to the filing of this suit. He further alleged that the boundaries of plaintiffs' lot have never been fixed and were unknown to him, as well as to plaintiffs, until a survey was made a few days before the filing of this suit. He further alleged that he had instructed his employees not to make use of plaintiff's lot, and he believes these instructions were followed.

The lower court rejected the demands of plaintiffs, as of nonsuit, and they have perfected an appeal to this court. Defendant has not answered the appeal; therefore the exception of no cause of action and the motion to elect are not before us for determination.

■ Plaintiffs' letter to defendant, of date February 20, 1931, and defendant's reply thereto clearly show there was no contract, Civ. Code, art. 1818; Collins v. La. State Lottery Co., 43 La. Ann. 9, 9 So. 27; and plaintiffs in this suit are not now asking for judgment on contract. They are asking this court to award them judgment for only $25 per month, beginning March 1, 1931, to March 1, 1932, while the alleged contract called for $50 per month. They have also abandoned their claim under a quasi contract for the period of two years prior to March 1, 1931. Therefore the only thing before us at this time is, Can plaintiffs recover under a quasi contract for the period beginning March 1, 1931, and ending March 1, 1932, and if so, in what amount?

■ If defendant made use of plaintiffs' property, that use inured to defendant's benefit, and plaintiffs are therefore entitled to recover under a quasi contract. But it is incumbent upon plaintiffs to prove with a sufficient degree of certainty the occupancy and use of their property by defendant in the extent the property was used and the time it was used. The lower court found that plaintiffs had failed in this respect, and we agree with its finding.

The record discloses that plaintiffs' property was not inclosed and there were no buildings thereon. There was a roadway that ran diagonally across the property which was used by many persons other than the defendant; and that to some extent the general public used this lot for a parking place; that at one time during the period sued for by plaintiffs the entire lot was covered, for a period of nearly four months, by rubbish and lumber thrown there in tearing down a building on the adjoining property, not under the control of defendant.

The evidence is also very conflicting as to what part of this lot the plaintiffs made use of. Some witnesses claim an encroachment of 40 feet in the northeast corner; others are positive it was only 6 or 7 feet. The same is true of the encroachment on the east side. Likewise the rental value of that part of the property used by defendant is far from certain. In fact, the testimony as to the area of the property used by defendant, the length of time it was used, and the rental value of same is too vague and indefinite to form the basis of a judgment.

The judgment of the lower court is correct, and is therefore affirmed, with all costs.