This is a suit on a quasi contract of lease for five months' rent at the rate of $125 per month and such additional rent as may appear to be due.
From an adverse judgment the plaintiff has appealed.
The defendant, Rosedale Inn, a commercial partnership, operates a barroom and restaurant at 5205 Canal Boulevard, in the City of New Orleans and adjacent to a Hill Grocery Store. Plaintiff owns a lot nearby at 5221 Canal Boulevard which measures 100 feet in width by a depth of 120 feet. The lot is vacant except for a small cabin like structure known as a "Pig Stand."
The H.G. Hill Stores, Inc., under date of October 4th, 1934, leased this lot for a period of five years for a monthly rental of $100 for the first three years and $125 for *Page 161 
the last two. The Rosedale Inn sublet, with the consent of the owner, the right to use the property for the purpose of serving its customers, in their automobiles, while parked on the lot. The consideration of the sublease was $62.50 per month and it expired with the lease on September 30th, 1939.
Plaintiff alleges that notwithstanding the fact that defendant's lease had expired, it continued to use the property for a period of five or more months thereafter and, that, in consequence, it should be condemned to pay the sum of $125 per month.
Articles 2293 and 2294 of the Revised Civil Code read as follows:
"Quasi contracts are the lawful and purely voluntary act of a man, from which there results any obligation whatever to a third person, and sometimes a reciprocal obligation between the parties."
"All acts, from which there results an obligation without any agreement, in the manner expressed in the preceding article, form quasi contracts. * * *"
The proof concerning the use of plaintiff's property by the Rosedale Inn subsequent to the expiration of the lease is abundant. The customers of that establishment would drive in on the property as they had been accustomed to do before the lease expired, and were served by the employees of the Rosedale Inn, in their automobiles, with food and drink. One of the partners, Mr. Louis Lenfant, admitted such use of the property and the trial judge found as a fact that the situation had not changed with the termination of the lease. However, the learned judge was of the opinion that the absence of a fence surrounding the property precluded plaintiff's recovery, as appears from the following reasons for judgment:
"The Masera property is vacant, except for a little pig stand on it, which has not been used for years, having 100 feet front on Canal Boulevard by 120 feet in depth between parallel lines.
"On the lake side of the property is a bill board fence and on the Canal Boulevard frontage of 100 feet has no improvements on it. Between the end of Hill Store facing Canal Boulevard, approximately twenty feet or so, there is no enclosure and back of the Hill store for twenty five feet there is no enclosure.
"There had been a fence at the rear of the property, but when the Hill Store leased the property it was taken down. If the owner of that property did not want the public to use it, they should have called on the Hill Store to re-build that fence and on their failure to do so could have built a fence on it at the Hill Store's expense.
"The testimony is as plain as daylight that the public used that property to get to the streets, themselves. The defendants in this case never undertook, after the end of their lease with the Hill Stores to occupy the property or prevent anybody from coming on it and all that was done was, for their own convenience, automobile parties would drive in from three directions and ask to be served. In serving them the defendants were no more occupying the property than they were when they served people on the streets. There is not a shadow of a claim for rent and the suit is dismissed at plaintiff's cost."
The Rosedale Inn, having been the sub-lessee of the Masera property, was familiar with its boundaries. The fence was removed when the property was leased and had not been restored. In fact, it was necessary to remove the fence to accommodate defendant's customers. When the Hill Store failed to renew its lease in 1939, the Rosedale Inn continued to make the same use of it as under the lease, without any authority from the owner. It must pay for such use under a quasi contract.
In the case of Hearne v. DeGeneres, La.App., 144 So. 194, 195, where the facts were strikingly similar, the plaintiff was not allowed to recover because there the proof concerning the use of the property and the value of the rental was "too vague and indefinite to form the basis of a judgment". There the court said:
"If defendant made use of plaintiffs' property, that use enured to defendant's benefit, and plaintiffs are therefore entitled to recover under a quasi contract. But it is encumbent upon plaintiff to prove with a sufficient degree of certainty the occupancy and use of their property by defendant in the extent the property was used and the time it was used. The lower court found that plaintiffs had failed in this respect, and we agree with its finding.
"The record discloses that plaintiffs' property was not inclosed and there was no buildings thereon. There was a roadway that ran diagonally across the property which was used by many persons other than the defendant; and that to *Page 162 
some extent the general public used this lot for a parking place; that at one time during the period sued for by plaintiffs the entire lot was covered, for a period of nearly four months, by rubbish and lumber thrown there in tearing down a building on the adjoining property, not under the control of defendant."
See, also, Carney v. Agurs, La.App., 197 So. 288 and Monticello v. Delavisio, La.App., 191 So. 162.
While plaintiff has asked for more than five months' rent and there is some evidence that the property was used for a longer period without authority, it is not sufficient. Defendant had been paying, for a number of years, $62.50 per month, for the use of the property jointly with the Hill Store and we think that sum is what they should pay under the quasi contract, as the fair value of the use of the property. We are influenced in this consideration by the fact that the principal use of the lot by customers of the Rosedale Inn was at night, while the Hill Store used it in the daytime, so that even though the defendant may have been the only party using the lot after the expiration of the lease, that fact was of no greater advantage to it than its partial occupancy as sublessee of the Hill Store, consequently, and for the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of the plaintiff, Joseph E. Masera, testamentary executor of the succession of Mrs. Louise Persigo Masera, and against the defendant, Rosedale Inn, a commercial partnership consisting of Louis, Harold, John L. and Henry Lenfant, and the individual members thereof in solido, in the sum of $312.50, with interest from judicial demand until paid, and for all costs.
Reversed. *Page 320