144 So.2d 568 (1962)
Mrs. Felicia D'ANNA, wife of, and Joseph FAROLDI, Sr.
v.
K. Fred NUNGESSER, Sr.
No. 211.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
*569 King F. Nungesser, Jr., New Orleans, for defendant-appellant.
Connolly & Connolly, George C. Connolly, Jr., New Orleans, for plaintiffs-appellees.
Before AYRES, DAWKINS and HARWELL, JJ.
H. W. AYRES, Judge.
By this action, plaintiffs seek to recover of the defendant the sum of $276 allegedly due as rent on certain of plaintiffs' property occupied by the defendant. The defense is there was no contract of lease upon which a claim for rent may be predicated. From a judgment in favor of plaintiffs, as prayed for, defendant appealed.
The factual situation upon which plaintiffs' claim for rent is predicated may be briefly stated. Plaintiffs, as the owners of Lots 48 and 49, Square 428, 2d District, of the City of New Orleans, on August 18, 1959, sold a portion thereof to the State of Louisiana for right-of-way purposes in connection with the construction of an interstate highway. Plaintiffs retained that portion of the lots fronting 50.04 feet on Catina Street, 62.95 feet in width in the rear, by a depth of 58.04 feet on Homedale Avenue, and 20.20 feet on Florida Avenue. The State, however, acquired, by the sale, the improvements located partially on the property acquired by it and partially on the portion retained by plaintiffs.
The improvements as purchased by the State were sold by it to the defendant in December, 1959, without a specified time for removal. Defendant, at the time of his purchase, was unaware that plaintiffs had retained a portion of the realty and, consequently, was unaware of the fact that the improvements were located partially on plaintiffs' property. Through subsequent correspondence, defendant's counsel advised plaintiffs' counsel the improvements would be removed by April 30, 1960. Notwithstanding the fact that the defendant had promptly, on making his purchase of the improvements, instructed a house-moving concern to move them, delays were encountered due to the number of houses to be moved and, in this particular case, to the presence of trees for which permission to cut had to be obtained. The removal, however, was carried out on June 9, 1960.
In the meantime, plaintiffs had requested of defendant, by letter, that the improvements be removed from their property on or prior to April 1, 1960, or, in the event said improvements had not been removed by that date, that the defendant pay rental at the rate of $120 per month. The record does not establish that defendant in any wise or manner assented to plaintiffs' proposition or agreed to pay rent in any amount. For the period from April 1 to June 9, 1960, plaintiffs charged defendant rent in the sum of $276.
No claim, alternately or otherwise, predicated on a basis of a quantum meruit is made.
The legal proposition advanced in brief by plaintiffs, in justification of their claim, is that the use of their land by the defendant permits the recovery of rent under the relationship of lessor and lessee (or in quasi contract). This proposition, for the reasons hereinafter assigned, is, in our opinion, untenable.
A lease is a contract imposing reciprocal obligations on the parties by which one party gives to the other the enjoyment of a thing at a fixed price. LSA-C.C. Art. 2669. To a contract of lease, there are three absolute essentials; namely, the thing forming the subject matter of the contract, the price for its enjoyment, and the consent or agreement of the parties. LSA-C.C. Art. 2670; Caldwell v. *570 Turner, 129 La. 19, 55 So. 695; Myers v. Burke, La.App. 1st Cir., 1939, 189 So. 482. Thus, there can be no contract of lease in the absence of a stipulation or agreement between the parties as to the amount of rent to be paid. LSA-C.C. Art. 2671; McCain v. McCain Bros., 165 La. 884, 116 So. 221; Weaks Supply Co. v. Werdin, La.App. 2d Cir., 1933, 147 So. 838. Two parties are necessary in order to form a contract, one proposing something and the other accepting and agreeing to it; and the will of both parties must unite on the same. LSA-C.C. Art. 1798; Succession of Aurianne, 219 La. 701, 53 So.2d 901; Superior Merchandise Corporation v. Oser, La.App.Orleans, 1942, 8 So.2d 770.
The terms of plaintiffs' letter to the defendant, upon which they rely as fixing the amount of rent allegedly due them, were, as heretofore pointed out, neither accepted nor agreed to by the defendant. Consequently, there clearly was no meeting of the minds of the parties, and, hence, no contract. LSA-C.C. Art. 1798; Collins v. Louisiana State Lottery Co., 43 La.Ann. 9, 9 So. 27. Plaintiffs' letter to defendant, without an acceptance of the proposal made, is insufficient to constitute a contract between the parties. Hearne v. De Generes, La.App.2d Cir., 1932, 144 So. 194.
Thus, the unity of will necessary for the formation of a contract is not present here.
Nor will occupancy alone imply a relationship of lessor and lessee. Terzia v. The Grand Leader, 176 La. 151, 145 So. 363; Weaks Supply Co. v. Werdin, supra; Jordan v. Mead, 19 La.Ann. 101; Blanchard v. Davidson, 7 La.Ann. 654.
At most, all that can be inferred from the record is that defendant was the mere occupant of plaintiffs' property, and, as we have pointed out, it has been repeatedly held that the proof of mere occupancy alone is insufficient to establish the relationship of lessor and lessee.
As heretofore observed, no basis of recovery under a quasi contract or on a quantum meruit has been alleged or established. Particularly noted is the fact that plaintiffs' petition fails to allege and the record is devoid of any proof as to the rental value of plaintiffs' property which was occupied by the defendant. One cannot, under such circumstances, where there is no lease, sue for an arbitrary amount. The value of the use or occupancy of the property must be established by the evidence.
The conclusion is therefore inescapable that plaintiffs have failed to establish their claim to that degree of legal certainty and by a preponderance of the evidence which would entitle them to judgment.
Therefore, the judgment appealed is annulled, avoided, reversed and set aside; and
It is now Ordered, Adjudged and Decreed that plaintiffs-appellees' demands be, and they are hereby, rejected and their suit dismissed at their cost.
Reversed.