SAMUEL, Judge.
The City of New Orleans filed this rule on February 2, 1966 for possession of the premises bearing municipal number 500 St. Peter Street, New Orleans. Defendant answered averring the existence of a contract of lease of the premises between himself and the Upper Pontalba Building Commission commencing on July 1, 1965 for a term of two years with a two year option for renewal. After trial of the rule there was judgment against the defendant ordering him to deliver possession of the premises to the plaintiff on or before 60 days from February 14, 1966, the date of judgment. Defendant has prosecuted this devolutive appeal therefrom.
The premises are in the Upper Pontalba Building which is managed by the Upper Pontalba Building Commission (see Chapter 64, New Orleans City Code, 1956). The Commission’s April 6, 1965 minutes reflect that, upon being informed the defendant desired to rent space in the building and after a discussion of the advisability of this rental, the Commission refused defendant’s request. Defendant then spoke to several members of the Commission who apparently withdrew their objections. As shown by its minutes of May 14, 1965, the Commission reconsidered the defendant’s offer and took the following action:
“ * * * Mr. Petitpain made a motion, seconded by Mr. Vetter and unanimously carried to rescind motion of April 6, 1965 and permit Mr. Hautot to lease this space for two years at a rental of $300.-00 a month, payable in advance before the tenth of each month, provided he lives up to his verbal agreement with the Board, to, at his expense, take care of all necessary interior carpentry work involving removal of present partitions, setting up new partitions, changing entrances, etc., painting interior and furnishing any electrical fixtures and rewiring necessary to his type of business. Mr. Hautot is also to furnish bank references and copies of his business insurance policies. Chairman suggested that tenant be given until January 1st, 1966 to fulfill these promises. Agreement was unanimous.”
No written lease was ever entered into. The defendant moved into the premises just before the beginning of the month of June or July of 1965, the testimony is conflicting as to which month, and has remained in occupancy since that time. He paid the Commission’s executive secretary, and she accepted, rent at the rate of $250 per month.
The executive secretary, who was also the business manager of the building, testified she had agreed with the defendant to accept rent at the rate of $250 per month for the remainder of 1965 brtt that a written lease would be entered into only after the defendant had met with the stipulations, contained in the Commission’s minutes of May 14, 1965, relative to carpentry work, new partitions, painting, etc. She further testified the defendant had removed one partition in a showroom and opened new entrances but in all other respects had failed to comply with those conditions.
The defendant testified as follows: As a result of his appearance before the Commission it was his understanding he was getting a lease for two years with an option *26 to renew for two more years and that the lease would be subject to some conditions such as painting, carpentry work, etc. He had a partition removed at a cost of $200, expended $40 for various doors and approximately $500 for fixtures and furniture, but had been unable to do other work which he understood constituted a part of the conditions. After his discussion with the Commission the only questionable matter was the amount of space he was to occupy. There were three sections to be rented and, while he definitely wanted two sections, he was not certain at that time he could afford to pay rent for all three. He discussed this matter with the executive secretary at a later date and he and she agreed he would pay a monthly rental of $250 for the rirrt six months, $275 for a second six month period and thereafter $300. All parties contemplated the lease would be reduced to writing.
In this court defendant contends the Commission’s executive secretary was clothed by the Commission with apparent authority to enter into a lease, the secretary did enter into a valid oral lease, and, plaintiff having received and accepted the benefits thereof, that lease is binding on the city even though the Commission actually had not given such authority to its secretary.
It is possible, under certain conditions, for an oral agreement to become a valid, enforceable lease even though the parties contemplated the agreement would be reduced to writing. Under LSA-C.C. Art. 2683 a lease can be either written or verbal. And where the parties have entered into a verbal agreement to lease, which agreement includes all of the details and conditions, and have acted upon such agreement, neither party can withdraw therefrom for the reason that the agreement has not been reduced to writing even though such was contemplated. Auto-Lec Stores v. Ouachita Valley Camp No. 10, W.O.W., 185 La. 876, 171 So. 62; Johnson v. Williams, 178 La. 891, 152 So. 556; Briede v. Lewis, La.App., 49 So.2d 349. But in order for this rule to apply all the details and conditions must be agreed to and understood by the parties; if the agreement is incomplete and not enforceable in all of its parts, it is not a binding lease and cannot be enforced as such. Sig Haas & Son v. Bernhardt, 144 La. 927, 81 So. 402; see Coen v. Toups, La.App., 168 So. 2d 893, 897; West v. Carbone, La.App., 150 So.2d 37, 39, 40; Faroldi v. Nungesser, La.App., 144 So.2d 568, 569.
In the instant case we are satisfied the parties failed to come to any agreement or understanding on some material details and conditions. There was no agreement as to the date when the lease was to commence and it is clear that, insofar as the Commission and its executive secretary were concerned, it was not to begin until the defendant, at his own expense,, performed work involving, in part, the removal of partitions, the setting up of new partitions, changing entrances and painting the interior. Defendant conceded in his testimony that some of this work was not done. And there is no evidence that the parties, even the defendant and the Commission’s executive secretary alone, ever reached an understanding as to the nature and extent of the work to be done by the defendant. What partitions were to be removed, what new partitions were to be set up, what entrances were to be changed and what painting was to be done is open to speculation to the extent that no judgment could be rendered ordering the defendant to perform. In addition, there appears to have been no understanding as to whether the lease was to include an option to renew.
Of utmost importance, and this alone is sufficient to defeat defendant’s claim of a binding verbal lease, we are convinced from our reading of the record that the parties never reached an agreement as to the amount of rent to be paid by the defendant. As we have pointed out, defendant testified the monthly rent was to be $250 for the first six months, $275 for the second six months and $300 for the remainder of the lease. Other than this testimony by the defendant, there is no evidence *27 that the executive secretary agreed to those amounts; she denied such an agreement. As we understand her testimony the $250 monthly rental was to he accepted only until such time as the required conditions were fulfilled by the defendant and the written lease entered into, at which time the rent would be $300 per month. There is nothing in the record to contradict the fact that, insofar as the Commission itself was concerned, the rent was to he $300 per month when the lease was entered into after the conditions had been fulfilled. Under LSA-C.C. Arts. 2670 and 2671 the price, one of the three things absolutely necessary to a contract of lease, must be certain and determinate. There can be no contract of lease in the absence of a stipulation or agreement between the parties as to the amount of rent to be paid. Melancon v. Texas Company, 230 La. 593, 89 So.2d 135; McCain v. McCain Bros., 165 La. 884, 116 So. 221; Faroldi v. Nungesser, supra; Weaks Supply Co. v. Werdin, La.App., 147 So. 838.
The judgment appealed from is affirmed.
Affirmed.