ELLIS, Judge:
Plaintiff E. W. D., Inc. brings this ’suit for rent due under an alleged verbal contract of lease with defendant, Mrs. G. H. Gateley. From an adverse judgment, the defendant has appealed.
The record reveals that Mrs. Gateley was looking for a home to be rented by her son-in-law and daughter, Major and Mrs. Roberts. She met with Mrs. Dent, plaintiff’s representative, at the premises in question, on August 8, 1969. We think it clear from the testimony that Mrs. Dent was aware that defendant was looking for property to be occupied by someone other than herself.
After seeing the house, Mrs. Gateley and Mrs. Dent reached an understanding, the nature of which is the subject of this law suit. It is not disputed that Mrs. Gateley gave Mrs. Dent two checks, one for $80.00 for rent for the balance of the month of August, and one for $50.00 as a breakage deposit. Either at that time or the next day, Mrs. Gateley received the keys to the house.
There was no further contact between the parties until August 25, when Major Roberts told Mrs. Dent that the house was not suitable and that he did not want to rent it. The next day, Mrs. Gateley re *232 turned the keys to Mrs. Dent. Shortly thereafter, this suit followed.
It is plaintiff’s position that Mrs. Gate-ley bound herself personally to rent the property. Mrs. Dent testified that Mrs. Gateley told her that she wanted to rent the property herself, for her daughter. She also testified that when Mrs. Gateley asked about a lease,
“I replied that when the time came for occupancy she could come back and we would set it all straight and decide the provisions of the lease.”
* * * * * *
“I said that at a later date, when the time came for occupancy, when her daughter arrived we could all get down together and decide the provisions of the lease to get set on the exact time. You see, she had told me thirteen months as the period of time and I had specified a minimum of one year.”
She also testified that she “made it perfectly clear to Mrs. Gateley at this meeting that she was responsible.” She understood that the house was being rented for Mrs. Gateley’s daughter to live in.
Mrs. Gateley testified that she was looking for a place for her daughter to live, and that she thought plaintiff’s house was suitable.
Her testimony is as follows:
“Q Were you ever advised by Mrs. Dent that you would be responsible for this lease ?
“A I asked Mrs. Dent when I talked with her — I told her — explained to her why I was interested in the house, and I asked her if she would like for me to sign — I asked' — at first asked her if they signed a lease would the rent be any less. She said yes, that it would be $160, and a lease did have to be signed. And I said, ‘Do you want me to sign it?’ And she said, ‘No, not unless you want the house, not unless you are responsible for it. Major Roberts will have to sign the lease when he gets down here.’ This is why she called me on Saturday to see if Major Roberts was there.
“Q She at no time told you she was holding you responsible for this property?
“A She asked me if I was positive that they wanted it, and I said, T think I know what they want. I think this will hold their furniture and I feel sure that they will take the house.’
“Q But I asked you at any time did she say that you would be responsible ?
“A She told me if I wanted to sign the lease that I would be responsible for it.
“Q Without the lease she didn’t tell you that you would be responsible ?
“A No, she didn’t.”
Mrs. Gateley testified that the money she paid to Mrs. Dent was intended to hold the property until her daughter and son-in-law arrived.
On August 25, 1969, the following demand letter was written to Mrs. Gateley by plaintiff’s attorney:
“This office represents E. W. D. Inc. owner of the premises located at 3395 Kimberly Drive, Baton Rouge, Louisiana.
“On or about August 8, 1969 you rented this property as agent for your son-in-law, Major Roberts.
“The lease was verbal for one year on a monthly rental of $160.00 per month. An advance was paid for August rent and a $50.00 breakage deposit was paid.
“Mrs. Dent is now informed by Major Roberts that he no longer intends to rent the premises.
“Under Louisiana law a verbal contract of lease is valid, and the lessor is entitled to the rent pursuant to such agreement.
*233 “Mrs. Dent is demanding that the rent for the premises be paid and unless paid within 10 days I am instructed to file suit.
“Please have Major Roberts contact this office immediately.”
On appeal, defendant claims that, since it was intended to reduce the lease to writing, there was no valid contract of lease. It is also claimed that, if there was a valid contract, that defendant was acting only as an agent, and could not be held liable thereunder.
We find the first point to be well taken. Mrs. Dent made it clear that she would require a written lease. She also admitted in her testimony, quoted above, that the term of the lease was yet to be agreed upon. It is also clear that the premises was never occupied by Mrs. Gateley, or Major and Mrs. Roberts. Mrs. Gateley inquired as to the necessity of executing a lease on August 8, and Mrs. Dent herself postponed the execution thereof.
In the case of City of New Orleans v. Hautot, 185 So.2d 24 (La.App. 4 Cir. 1966), we find the following:
“It is possible, under certain conditions, for an oral agreement to become a valid, enforceable lease even though the parties contemplated the agreement would be reduced to writing. Under LSA-C.C. Art. 2683 a lease can be either written or verbal. And where the parties have entered into a verbal agreement to lease, which agreement includes all of the details and conditions, and have acted upon such agreement, neither party can withdraw therefrom for the reason that the agreement has not been reduced to writing even though such was contemplated. Auto-Lec Stores v. Ouachita Valley Camp No. 10. W. O. W., 185 La. 876, 171 So. 62; Johnson v. Williams, 178 La. 891, 152 So. 556; Briede v. Lewis, La.App., 49 So.2d 349. But in order for this rule to apply all the details and conditions must be agreed to and understood by the parties; if the agreement is incomplete and not enforceable in all of its parts, it is not a binding lease and cannot be enforced as such. Sig Haas & Son v. Bernhardt, 144 La. 927, 81 So. 402; see Coen v. Toups, La.App., 168 So.2d 893, 897; West v. Carbone, La.App., 150 So.2d 37, 39, 40; Faroldi v. Nungesser, La.App., 144 So.2d 568, 569.”
In this case, the parties had not agreed upon all details, since the term of the lease was not settled, nor had they acted upon the lease. We therefore find no enforceable contract of lease ever existed between the parties.
The judgment appealed from is reversed, and there will be judgment herein in favor of defendant, Mrs. G. H. Gateley, and against plaintiff, dismissing plaintiff’s suit at its cost.
Reversed and rendered.