PONDER, Judge.
Planters Securities Co., Inc. (Planters), plaintiff-appellant, instituted this suit for recognition and specific performance of an alleged lease with the State of Louisiana, through the Department of Health and Human Resources Administration, (State), defendant-appellee. The court below granted a motion for summary judgment in favor of State and dismissed the suit. Planters has timely filed this appeal. We affirm.
Plaintiff alleges in its petition that negotiations were begun in May, 1975, between its representatives and T. E. Bergeron, Rental Lease Administration, Division of Administration, State of Louisiana and William S. McCutcheon, representative of Department of Public Welfare, State of Louisiana, for the lease of Planters’ property in Opelousas, Louisiana. In affidavit opposing State’s motion for summary judgment, Planters’ representative, Veil David DeVillier, stated that on June 9, 1975, he engaged in a telephone conversation with H. Benny Turcan, Assistant Commissioner of the Division of Administration; that Mr. Turcan agreed to approve a lease if the term was changed; and that a new term was negotiated; that on June 16, 1975, he met with Mr. Bergeron and Mr. McCutcheon; that a rental price was finally agreed upon; and that on June 20, 1975, Mr. McCutcheon assured him that the lease was already operable. Finally, Mr. DeVillier stated that at a meeting on July I, 1975, attended by himself, Governor Edwin Edwards, McCutcheon, Bergeron and Turcan, everyone agreed that the lease had been taken care of.
State’s motion for summary judgment was based on its assertion that LSA-R.S. 39:193 A and F require that all lease agreements for the housing of state agencies be in writing; that the alleged lease sought to be enforced herein was not in writing; and that, in any event, the statute further mandates such leases be entered into only with the approval of the Commissioner of Administration; and no such approval was ever given.
Planters contends that the trial court erred in granting summary judgment in favor of the State because:
1) The law does not require that all leases with State be written; and,
*303 2) A number of genuine material issues of fact exist as to whether there was a valid completed verbal agreement.
LSA-R.S. 39:193 A and F and LSA-R.S. 38:2192 respectively read, in pertinent part, as follows:
LSA-R.S. 39:193 A
“All contracts and agreements for the lease or rental of space for the housing of state agencies, their personnel, operations, equipment, or activities, shall be made in the name of and by the authorized representative or representative body of the state agency but shall be made and entered into only with the approval of the commissioner of administration.”
LSA-R.S. 39:193 F
A copy of the public notice with proof of its publication and a copy of the required affidavit by the lessor shall be attached to the lease agreement or contract.”
R.S. 38:2192
“In addition to all other provisions of law regulating the leasing of immovable property thereon when the state . is the lessee, public notice shall be required twenty-one days prior to the execution of the lease.”
“A copy of the public notice with proof of its publication and a copy of the required affidavit by the lessor shall be attached to the lease agreement or contract.” (Emphasis ours)
Plaintiff-appellant argues that La.C.C. Art. 2683 allows either verbal or written leases in the leasing of immovable property. We do not disagree. However, obviously the legislature by the enactment of the above quoted statutes has altered the general rule when a state agency is the lessee.
A fair reading of the statutes supports this conclusion. How else could the lease be “made in the name of the authorized representative” of the agency, or be approved by the Commissioner of Administration? How else could the lease be executed? How else could the required copies be attached to the lease ?
Plaintiff-appellant argues the case of City of New Orleans v. Hautot, 185 So.2d 24 (La.App. 4th Cir. 1966), and cases cited therein, recognize the validity of completed verbal lease agreements when the parties impliedly or expressly plan to reduce the agreement to writing at a later date; that in the instant case an analogous fact situation is presented to the court, so that, in spite of R.S. 39:193 A and F and 38:2192, the alleged verbal lease agreement is enforceable.
We agree with the legal principle stated in City of New Orleans, supra. However, we find that it is inapplicable since it applies only where there exists a valid and enforceable verbal lease, and the reduction of the lease to writing is a mere formality.
There is no valid verbal lease in the instant case because the mandatory requirement that the lease be in writing affects the validity vel non of the agreement. Until the required public notice is given, the agreement is in writing, is signed and is approved pursuant to law, no lease obligation exists.
We do not have two individuals bargaining solely within the ambit of the general rule set forth by La.C.C. 2683. Instead, we have a situation controlled by statutes that were obviously enacted in furtherance of the best interests of the public.
R.S. 38:2192 is quite clear, the lease cannot be “executed” until twenty-one days after public notice is given. The notice is not a mere formality; it provides the public with its only opportunity to investigate proposed leases prior to their execution. The approval by the Commissioner of Administration is also not a mere formality; *304 it is an effective means to protect the public fisc. There are numerous public agencies expending large amounts of money for rent. The legislature in recognizing the need for monetary coordination has appointed the Commissioner of Administration to control these expenditures.
To adopt plaintiff-appellant’s contention that a verbal lease suffices we would have to disregard the wording and purpose of R.S. 39:193 A and F and R.S. 38:2192. This we will not do. Defendant-appellee is entitled to judgment as a matter of law.
Because of our conclusion that the lease had to be in writing, any dispute as to whether there was a completed verbal agreement becomes immaterial. To avoid summary judgment the dispute has to be as to material fact.
Accordingly, the judgment of the court below is affirmed; appellant to pay all costs of this appeal.
AFFIRMED.